# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

ROBERT MICHAEL GEORGE                                                          PETITIONER
Reg. #34220-058

v.                                          2:23-cv-00192-BSM-JJV

CHAD GARRETT, Warden,
FCI – Forrest City                                                              RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

### DISPOSITION

**I.      INTRODUCTION**

Petitioner Robert Michael George was an inmate at the Federal Correctional Institution – Forrest City Low at the time he filed this 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus *pro se*. (Doc. No. 1.) He alleges the Bureau of Prisons ("BOP") has applied his First Step Act credits in a way that deprives him of the opportunity to spend the recommended amount of time in a residential reentry center ("RRC"). (*Id*. at 10.) Because Mr. George has since received the relief requested, I recommend the Petition be denied as moot.

## II.     FACTS

Mr. George was found guilty of one count of deprivation of rights under color of law resulting in bodily injury and was sentenced to thirty-six months' imprisonment, followed by one year of supervised release, by the United States District Court for the Western District of North Carolina. *United States v. Robert Michael George*, No. 5:18-cr-00023-KDB-DCK-1 (W.D.N.C. 2022). He filed this Petition on September 1, 2023, while serving that sentence in the FCI – Forrest City Low. (Doc. No. 1 at 1.) In his Petition, he acknowledges he has been earning time credits pursuant to the First Step Act of 2018, 18 U.S.C. §§ 3631-3635, and that the BOP has been applying those credits, moving up his projected release date on a monthly basis.[1] (*Id*. at 10.) At the time Mr. George filed his Petition, his projected release date was in February 2024. (*Id*., Doc. No. 6 at 1.) Presently, his projected release date is January 27, 2024. *See* https://www.bop.gov/inmateloc/ (accessed Nov. 9, 2023). Mr. George estimates his actual release date will be in December 2023. (Doc. No. 1 at 10.)

Mr. George says that his "Unit team submitted a request for four-five months of RRC" and that his RRC placement is "based on" a March 2024 projected release date. (*Id*.) Because his projected release date is continuously being moved up but his RRC placement is not, Mr. George says he is "possibly only getting 30 days" in a residential reentry center. (*Id*.) According to Mr. George, this violates his liberty interest in access to prerelease custody. (*Id*.) For relief, he requests that his RRC placement be adjusted to correspond with a December 2023 release date, which would "result in a August-September 2023 release to RRC/HC." (*Id*. at 11.)

---

[1] Pursuant to 18 U.S.C. § 3632(d)(4)(A), a prisoner can earn either ten or fifteen days of time credits for every thirty days of successful completion in evidence-based recidivism reduction programming or productive activities.

In response, Respondent Chad Garrett, Warden of the FCI – Forrest City Low, contends Mr. George's Petition should be dismissed because he failed to exhaust his administrative remedies before filing. (Doc. No. 6 at 2-3.) Warden Garrett also argues Mr. George's claim lacks merit, as the First Step Act allows credits to be applied toward release to either supervised release or prerelease custody, but not both, and Mr. George's credits have been applied toward his release to supervised release. (*Id*. at 4-5.)

### III.   ANALYSIS

"Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (quoting *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000)). This means that a litigant "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). If a change in circumstances during the pendency of a habeas petition means that it no longer presents a case or controversy, the petition becomes moot. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). More specifically, the United States Court of Appeals for the Eighth Circuit has held that, when a habeas petition seeks placement at a residential reentry center, the petitioner's subsequent transfer to a residential reentry center moots the petition. *Miller v. Whitehead*, 527 F.3d 752, 756 (8th Cir. 2008).

In his Petition, Mr. George seeks transfer to a residential reentry center. (Doc. No. 1 at 11.) Since the filing of his Petition, he has been transferred to prerelease custody at a residential reentry center. *See* https://www.bop.gov/inmateloc/ (accessed Nov. 9, 2023). Accordingly, he has received all the relief requested, and his Petition is now moot.

### IV.   CONCLUSION

3

IT IS, THEREFORE, RECOMMENDED that Mr. George's § 2241 Petition for Writ of Habeas Corpus (Doc. No. 1) be DENIED as moot and DISMISSED without prejudice.

DATED this 13th day of November 2023.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE